# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID OWENS HOOPER,
Appellant,
vs.
RENEE BAKER, WARDEN,
Respondent.

No. 69107

FILED

JUN 17 2016



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order dismissing a postconviction petition for a writ of habeas corpus.[1] Seventh Judicial District Court, White Pine County; Steve L. Dobrescu, Judge.

Appellant David Owens Hooper argues that the district court erred in dismissing his postconviction petition for a writ of habeas corpus. The district court dismissed the petition because this court had reversed Hooper's judgment of conviction, *see Hooper v. State*, Docket No. 63027 (March 26, 2015), such that there was no conviction or sentence from which habeas relief could be granted. *See* NRS 34.720 (setting forth the scope of petitions for postconviction habeas relief). Having reviewed the

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

record, we agree that postconviction relief is not warranted.[2] Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Douglas

_____, J.          _____, J.
Cherry                                Gibbons

cc:  Hon. Steve L. Dobrescu, District Judge
     David Owens Hooper
     Attorney General/Carson City
     White Pine County District Attorney
     Attorney General/Ely
     White Pine County Clerk

---

[2]Even construing the petition as seeking pretrial relief, we note that relief would not be warranted because (1) a challenge asserting a lack of probable cause must be filed in a pretrial petition for a writ of habeas corpus within 21 days of the petitioner's first appearance in district court, see NRS 34.700(1)(a), and Hooper did not file the underlying petition until more than 2 years after his first appearance and (2) Hooper's double jeopardy claim lacks merit, as double jeopardy does not bar retrial when a defendant is retried following the reversal and remand of a prior conviction, see Collier v. State, 103 Nev. 563, 565, 747 P.2d 225, 226 (1987).

[3]We deny Hooper's request for publication. See NRAP 36(c).